IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT L. BROOKS,
# 14665-026,

**Petitioner,**

vs.

JAMES N. CROSS,

**Respondent.**                                    Case No. 14-cv-1148-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Robert Brooks, an inmate who is currently confined in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Brooks challenges his conviction and sentence under *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). He claims that the acceptance of his felony guilty plea by a magistrate judge caused a fundamental defect in his conviction that warrants automatic reversal.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to

be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the petition shall be **DISMISSED**.

### I.    Background

On May 2, 2007, Brooks was indicted on four counts of distributing five grams or more of cocaine base ("crack") while on pre-trial release pursuant to an order entered in another criminal case, i.e., *United States v. Brooks*, Case No. 06-cr-20037 (C.D. Ill. 2006) (Doc. 7). *See United States v. Brooks*, Case No. 07-cr-20047 (C.D. Ill. 2007) (Doc. 5) ("criminal case"). On June 7, 2007, Brooks appeared with counsel before United States Magistrate Judge David G. Bernthal in the United States District Court for the Central District of Illinois. After Brooks filed a written notice and consent to plead, the Court conducted a change of plea hearing, at which the magistrate judge advised Brooks of his rights, the charges, and the possible penalties. Brooks pleaded guilty to all four counts of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(iii) and 18 U.S.C. § 3147. The magistrate judge determined that the guilty plea was voluntary and issued a written report and recommendation to the district judge, recommending that judgment be entered on the guilty plea.

Chief District Judge Michael P. McCuskey entered judgment on the guilty plea on September 10, 2007 (Doc. 18, criminal case). Brooks was sentenced to a term of 274 months[1] of imprisonment with the Federal Bureau of Prisons ("BOP")

---

[1] This term consists of 262 months on each of Counts 1-4, to be served concurrently, followed by 3 months on each of Counts 1-4, to run consecutively to each other and consecutively to the 262-

(Doc. 16, criminal case). Brooks unsuccessfully challenged his sentence on appeal (Doc. 31, criminal case).

## II. Habeas Petition

Brooks now claims that the magistrate judge's acceptance of his felony guilty plea on June 7, 2007, violated the Federal Magistrates Act ("FMA"), 28 U.S.C. § 636, Federal Rule of Criminal Procedure 59, and his due process rights (Doc. 1, pp. 4-7). According to the petition, a magistrate judge was not authorized under the FMA to accept Brooks' felony guilty plea (Doc. 1, p. 7). Even if there was no prejudice or harm, Brooks maintains that he is entitled to automatic reversal of his conviction and sentence.

## III. Discussion

The instant petition raises a claim of legal error in Brooks' conviction and sentence. However, petitions for writ of habeas corpus under 28 U.S.C. § 2241 are generally not used for this purpose. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Section 2241 petitions usually challenge the execution of a sentence. *See id*.

A federally convicted person may instead challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him, and a Section 2255 motion is typically the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217

---

month term. The sentence in this criminal case runs consecutively to an 84-month prison term imposed in *United States v. Brooks*, Case No. 06-cr-20037 (C.D. Ill. 2006). Further, petitioner is subject to an 8-year term of supervised release on each of Counts 1-4, to run concurrently, and concurrently with supervised release in Case No. 06-cr-20037.

(7th Cir. 2003). *See also Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). However, Section 2255 generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. Brooks did not disclose whether he filed a Section 2255 motion prior to bringing the instant Section 2241 petition.

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under Section 2241. *See* 28 U.S.C. § 2255(e). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Brooks invokes the "savings clause" in this case. With respect to the applicability of the savings clause, the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied. *See In re Davenport*, 147 F.3d at 610-12. First, a petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, the case was decided after the petitioner's first Section 2255 motion but is retroactive. Lastly, the alleged error resulted in a "fundamental defect" in the petitioner's

conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id. See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Under this standard, Section 2241 cannot provide Brooks with the relief he seeks.

Brooks' reliance on *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), is misplaced. *Harden* is premised on longstanding Supreme Court precedents. *See, e.g., Peretz v. United States*, 501 U.S. 923, 931-33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). Brooks could have raised this claim in a Section 2255 motion. There is no indication that he did, or that Section 2255 was inadequate for this purpose.

Moreover, Brooks' case is clearly distinguishable from *Harden*. In *Harden,* the Seventh Circuit determined that, under the FMA, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." *Harden*, 758 F.3d at 888-91. The district judge did not make a decision to accept or reject Harden's felony guilty plea, after reviewing a report and recommendation. The magistrate judge accepted Harden's felony guilty plea.

Brooks' case is different. Although Brooks pleaded guilty at a hearing before a magistrate judge, the magistrate judge issued a report and recommendation regarding the guilty plea. The district judge then had an opportunity to consider—and accept or reject—the recommendation. In Brooks' case, the district court accepted the guilty plea, sentenced Brooks, and entered a judgment. The Seventh Circuit did not question this methodology in *Harden*.

And although *Harden* was decided on statutory grounds alone, Brooks presents no other arguments that would entitle him to relief under Section 2241. The instant petition alludes to Federal Rule of Criminal Procedure 59 and due process violations. However, Brooks does not explain why he seeks relief on these grounds.[2] The Court is not obligated to craft an argument on Brooks' behalf, and it declines to do so here.

Based on the foregoing discussion, the Section 2241 petition shall be dismissed.

### IV. Disposition

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED** on the merits with prejudice. Respondent **JAMES N. CROSS** is also **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all pending motions (Doc. 2) are **DISMISSED**.

If petitioner wishes to appeal the dismissal of his habeas petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund

---

[2] Presumably, petitioner mentioned these alternative bases for relief because they are mentioned in *Harden*. *See Harden*, 758 F.3d at 887.

account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[3] appeal deadline. To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 5th day of November, 2014.

Digitally signed by David R. Herndon
Date: 2014.11.05 14:48:46 -06'00'

**District Judge**
**United States District Court**

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).